## In re ROARING RIVER FURNITURE CO.

## VIRGINIA MIRROR CO. v. ROARING RIVER FURNITURE CO.

District Court, M. D. North Carolina.

Feb. 12, 1934.

J. E. Alexander, of Winston-Salem, N. C. (Whittle & Whittle, of Martinsville, Va., on the brief), for petitioner.

J. M. Brown, of North Wilkesboro, N. C., for respondent.

HAYES, District Judge.

The Roaring River Furniture Company was adjudged a bankrupt on April 3, 1929, and trustees were, in due course, elected. The petitioner neglected to file its claim within the six months' period required by the statute. Some time after the expiration of the period, the petitioner offered to file its claim, but the referee, being of the opinion that he had no authority to permit it to be filed after the expiration of the six months' period, declined to permit it to be filed, but he did order it filed with the understanding that, if there was any surplus after paying the costs of administration, he could participate in such surplus.

The manufacturing plant owned by the bankrupt was operated for a period of four years, and made enough money to pay the creditors in full, but a large quantity of its manufactured goods was destroyed by fire, and the trustees were compelled to take three-fourths of the value in the settlement of the loss. This resulted in a deficit of approximately $15,000 for the purpose of paying the balance of the debts which had been proven. The storage room was destroyed, but the factory proper in which all of the machinery was located was not damaged. A sale was ordered of the real estate and machinery and accounts, on which the stockholders of the bankrupt submitted a bid for an amount estimated necessary to pay the balance of the debts and the cost and expense of administration. The court accepted this bid, for the reason that any surplus, the court assumed, would belong to the stockholders of the bankrupt. After the bid was accepted, the stockholders were unable to raise the amount of their bid, whereupon a large number of the creditors who sympathized with the stockholders of the corporation agreed that they would waive their cash dividends and accept a mortgage on the plant in order that the stockholders could be able to retain the factory. The accounts were retained by the trustees for the purpose of collecting the balance of the amount of the bid, and the trustees have collected a sufficient amount and paid off all of the creditors who proved their claims in time, and have paid the costs and expense of administration.

They have approximately $4,000 left over, and the question is whether a creditor who did not file his claim within the statutory period should now be permitted to intervene and have the fund paid to it, or whether the surplus should be paid to the stockholders of the bankrupt.

The Bankruptcy Act 57n, as amended by Act of May 27, 1926, 11 USCA § 93 (n), requires claims to be filed within six months. This statute is mandatory, and a creditor who fails to file his claim within that period loses his right to participate in the distribution of the estate. In re Silk (C. C. A. 2d) 55 F. (2d) 917.

Section 65e, 11 USCA § 105 (e), provides that a claimant shall not be entitled to collect from a bankruptcy estate any greater amount than shall accrue pursuant to the provisions of this title, and section 66b, 11 USCA § 106 (b), provides that "dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full, the balance shall be paid to the bankrupt."

Since creditors who have proved their claims have been paid in full, reason and authority warrant the payment of the surplus to the stockholders of the bankrupt. In re Silk, supra; Wheeling Structural Steel Co. v. Moss (C. C. A.) 62 F.(2d) 37; Burton Coal Company v. Franklin Coal Company, 67 F. (2d) 796 (C. C. A. 8th), which collects all of the authorities and sustains the decision of this court in both respects.

The petition is denied.